## Case No. 12,570a.

### SCULL v. HIGGINS.

[Hempst. 90.] [1]

Superior Court, Territory of Arkansas. Nov., 1829.

CONTRACTS — MATERIALITY, OF TIME OF MAKING — PRACTICE AT LAW — ARREST OF JUDGMENT.

1. In an action on the case for failure to perform a parol contract, the time of making it is not material, and hence, where it was alleged to be made on the 19th of September, 1828, to take effect in 40 days, and the breach of it was assigned to have occurred the next day, it will be presumed, after verdict, that it was proven that the breach occurred after the expiration of 40 days; and it is error to arrest the judgment.

2. The contract shows a cause of action.

Appeal from Hempstead circuit court.

[This was an action by Hewes Scull against Joseph Higgins.]

Before JOHNSON, ESKRIDGE, BATES, and TRIMBLE, JJ.

OPINION OF THE COURT. This was an action on the case, brought by Scull for the breach of a parol contract to deliver a keel boat. The declaration charged, that on the 19th day of September, 1828, the defendant, in consideration, etc., promised to deliver the said boat 40 days from the date, and assigns for breach, that the defendant, on the 20th day of September, sold the said boat to Rafelle and Notrebe. The suit was brought on the 20th of September, 1828, the day after the contract is charged to have been made. A trial was had, and the jury found for Scull, and a motion to arrest the judgment was sustained, from which the plaintiff took an appeal. The errors assigned for arresting the judgment, were: (1) There was no cause of action; (2) the action was premature; (3) there is no sufficient breach. The second objection was mostly relied on in the argument, namely, that the action was premature. The contract was laid to be on the 19th of September, 1828, to take effect 40 days thereafter, and were this an action on a specialty, the objection would be valid; but in this form of action the time is not material, and the plaintiff might, and we are bound to presume did, prove the contract to have been made at a prior date to the day laid, and that the time given to deliver the boat had expired. 1 Chit. 288. This is equally applicable to the third objection. since we will presume that a sufficient breach had been proven on the trial. As

to the first objection, that there was no cause of action, we think there was a cause of action, and the damages which the plaintiff sustained by reason of a breach, a proper subject of inquiry by the jury. Reversed.

## Case No. 12,570b.

### SCULL v. KUYKENDALL.

[Hempst. 9.] [1]

Superior Court, Territory of Arkansas. June, 1821.

WRITS — CAPIAS — ERROR — CORRECT ALIAS.

A suit should not be dismissed because a capias not served was erroneous when an alias capias executed on the defendant is correct, as the court should not look beyond the last writ.

Error to Arkansas circuit court.

[This was an action by Hewes Scull against Joseph Kuykendall.]

Before JOHNSON and SCOTT, JJ.

OPINION OF THE COURT. The court below dismissed this suit because there was an error in the original writ, although it was not served, but an alias had been regularly obtained and served on the defendant. We can see no reason for dismissing the suit for an error in a writ which was never served. It can only be considered as a clerical misprision, by which the defendant could not possibly be prejudiced. The alias capias which was served on the defendant is in every respect correct, and the court ought not to have looked beyond it. Reversed.